IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:21-cv-00285 |
| SHERRY MARBURGER, GARY MARBURGER, DANNY MARBURGER, AND SALLY MARBURGER PERKINSON, | § § § § § | |
| Defendants. | § § | |

## COMPLAINT FOR INTERPLEADER

Plaintiff Primerica Life Insurance Company ("Primerica") files this Complaint for Interpleader, and states:

## PARTIES

1. **Plaintiff.** Primerica is a Tennessee corporation with its principal place of business in Duluth, Georgia. Primerica is a citizen of Tennessee and Georgia within the meaning of 28 U.S.C. § 1332(c).

2. **Defendant Sherry Marburger.** Defendant and claimant Sherry Marburger ("Sherry") is an individual and citizen of Texas, and currently an incarcerated person at Bexar County Adult Detention Center, SID 1133919, 200 N. Comal Street, San Antonio, Texas 78207, and may be served by serving the employee designated by the warden of Bexar County Adult Detention Center to serve as an agent for service of civil process.

3. **Defendant Gary Marburger.** Defendant and claimant Gary Marburger ("Gary") is an individual and citizen of Texas, and may be served at 2704 N. Uvalde Hwy., Crystal City, Texas 78839.

4. **Defendant Danny Marburger.** Defendant and claimant Danny Marburger ("Danny") is an individual and citizen of Texas, and may be served at 1822 Mills Street, Waller, Texas 77484.

5. **Defendant Sally Marburger Perkinson.** Defendant and claimant Sally Marburger Perkinson ("Sally") is an individual and citizen of Texas, and may be served at 16623 Snell Meadows, San Antonio, Texas 78247.

## JURISDICTION AND VENUE

6. **Jurisdiction.** This Court has jurisdiction under 28 U.S.C. § 1332, as there is complete diversity between Primerica, on the one hand, and Sherry, Gary, Danny and Sally (collectively, the "Defendants"), on the other hand, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. **Venue.** Venue is proper in this Court under 28 U.S.C. § 1397 because this is an interpleader action and at least one of the Defendants resides in this district.

## OPERATIVE FACTS

8. **The Policy.** On March 18, 2003, Primerica issued its policy no. 0432939444 (the "Policy") to Jon Marburger ("Jon") under which he was originally provided life insurance coverage in the amount of $341,000. Sherry was designated as the primary beneficiary of Jon's coverage under the Policy, and no contingent beneficiary was designated.

9. **Jon's Death.** On March 24, 2020, Jon died from gunshot wounds. At the time of his death, the Policy provided $446,000 in life insurance coverage (the "Policy Proceeds").

10. **Sherry is Accused of Killing Jon.** Sherry has been arrested and charged with killing Jon. This matter is still pending, and no criminal trial has been set.

11. **Statutory Forfeiture.** Pursuant to Texas Estates Code § 201.058 and Texas Insurance Code § 1103.151, a designated beneficiary under a life insurance policy is disqualified from receiving the policy proceeds if the beneficiary "willfully caused the death of the insured." In such cases, the contingent beneficiary receives the Policy Proceeds. If no contingent beneficiary has been designated, then the proceeds are paid to the insured's "nearest relative." Texas Insurance Code § 1103.152. The Policy provides that if no contingent beneficiary has been designated, the estate of the insured becomes the contingent beneficiary. However, as of the date of this filing, no estate proceeding has been initiated for Jon. Based on the foregoing, Primerica has identified Jon's uncles and aunt, Gary, Danny and Sally, as Jon's nearest relatives.[1] If and when an estate proceeding is established, Primerica will amend to add the administrator as a party.

12. **Primerica's Possible Multiple or Double Liability.** Primerica has a reasonable doubt as to whom, between and among the Defendants, is entitled to the Policy Proceeds. Primerica seeks resolution of conflicting claims in good faith. Primerica is or may be exposed to double or multiple liability. Primerica has no interest whatsoever in the

---

[1] Upon information and belief, Jon had no children or siblings and his parents are deceased.

Policy Proceeds other than fulfilling its contractual obligation to pay the sums due to the appropriate party. Accordingly, Primerica has no independent liability to any of the Defendants and is a disinterested stakeholder in this case.

13. **Retention of Counsel.** As a result of the present controversy, Primerica had to retain the undersigned counsel and has agreed to pay attorneys' fees and costs of Court.

## CLAIMS FOR RELIEF

14. **Interpleader.** Primerica has a good faith doubt as to whom the Policy Proceeds are owed. Primerica admits its obligation to pay the Policy Proceeds but cannot pay those Policy Proceeds in the face of possible competing claims without subjecting itself to the possibility of double or multiple liability. Primerica is a disinterested stakeholder with respect to the Policy Proceeds and claims no beneficial interest therein, except for attorneys' fees and costs incurred in connection with this interpleader. Furthermore, Primerica has no independent liability to any claimant in this interpleader. Primerica shall, upon the granting of its interpleader, pay into the Registry of the Court the Policy Proceeds, together with any legal interest due thereon through the date of the interpleader.

15. **Attorneys' Fees.** Primerica is entitled to its reasonable and necessary attorneys' fees and costs in connection with its claim for interpleader.

## PRAYER

16. **Relief Requested.** Primerica respectfully requests the following relief:

   a. That Defendants be served with process and be required to answer in the time and manner prescribed by law;

   b. That the Court grant the interpleader and accept the Policy Proceeds into its Registry;

**c.** That each of the Defendants be ordered to interplead and settle among themselves their rights and claims regarding the Policy and Policy Proceeds;

**d.** That upon final hearing, the Defendants, for themselves, their heirs, legal representatives, successors, and assigns, and all other persons claiming by, through, or under them, be permanently enjoined and restrained from instituting or prosecuting any proceeding in any state or United States Court against Primerica and its agents and representatives regarding the Policy and Policy Proceeds;

**e.** That Primerica be awarded its reasonable attorneys' fees and costs of Court in connection with this interpleader;

**f.** That Primerica, its agents and representatives be fully and finally discharged from further liability to the Defendants; and

**g.** That the Court grant Primerica all such other and further relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

By: */s/ Bill E. Davidoff*
Bill E. Davidoff
State Bar No. 00790565
Attorney-in-Charge
bill.davidoff@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas 75202
Tel: 214.939.2000
Fax: 214.939.2090

ATTORNEYS FOR PLAINTIFF
PRIMERICA LIFE INSURANCE COMPANY